## Case No. 12,594.

### SEAVER v. The THALES.

[40 Hunt, Mer. Mag. 707.]

Circuit Court, S. D. New York. 1850.

SEAMEN —WAGES—ADVANCES TO SEAMEN — MARITIME LIEN—CREDIT OF OWNERS.

1. A seaman's lien for wages does not pass to a shipping agent by reason of advances made to the seaman at the home port, there being no assignment of the right to such lien.]

[2. A shipping agent has no lien for expenses of fitting out and notarial fees at the home port. Such expenditures are presumed to have been made on the credit of the owners, in the absence of proof to the contrary.]

[This was a libel in rem by Zachariah Seaver, against the bark Thales, and in personam against Capt. Howland, the master, for advances to the seamen, notarial and shipping fees.]

BY THE COURT. The libelant brings this action as notary public in the city of New York, against the above vessel in rem, and against Howland, her master, to recover compensation for shipping in this port a crew for the bark, in 1857 and in 1858, and advancing them moneys, notarial fees, and for putting the crew on board the bark, and they claim therefor $227.50. The crew were to perform a voyage at sea from the port of New York to Mobile, thence to Europe, and back to the United States. The demand of the libelants is made up of the following particulars: Cash advanced to the mate, $35; cash advanced to second mate, $13; cash advanced to Capt. Howland, $5; cash advanced to same, $15; cash advanced to cook, $20; cash advanced to five seamen, $45; cash advanced to four seamen, $36; boatage for crew, $4; shipping fees, $26; notarial fees, $16; payment to first mate, for wages, $12,—total, $227.50.

The answer and claim interposed by the owners of the bark denied the liability of the vessel to the demand, and also denies all knowledge of the debt having been incurred, and avers that the vessel, at the time alleged, was a domestic ship belonging to this port, where her owners resided, and were of abundant responsibility to satisfy the claim, if a just one, and avers that she is now owned in New Orleans. The libelants do not prove they advanced wages to the crew, or paid any moneys for the ship to aid in fitting her out for the voyage. The master testifies those payments were to be made by the owners.

Held: The libelants have no legal competency to maintain an action for the recovery of the wages of the crew, without proving an assignment to them of such wages. They acquire no right to subrogate in place of the seamen upon voluntary advances made in discharge of wages. They were no way under responsibility to pay them. In that their case is widely distinguishable from the one of a master who advances wages to his crew, for he is liable, under his contract of hiring, to satisfy their demand. Accordingly, he is entitled to take, with the discharge of that liability, the benefit of his principal, the privilege of lien the sailors had at the time that debt was so satisfied by him. The Boston [Case No. 1,660]. But these libelants never acquired the relationship even of purchasers of the lien debt, and can claim no higher standing than creditors of the masters or owners of the vessels in making these advances to the seamen at the request of the master. Had this been a foreign vessel there would be reason to imply that their services as ship's brokers were rendered upon the credit of the ship, and the services, being of a character to aid the outfit and necessary supply of the vessel for a sea voyage, would be regarded as carrying a privilege against the vessel. The Gustavia [Id. 5,876].

The reason for admitting that rule does not apply to domestic vessels in the port where their owners reside and are amply responsible for her outlays and necessities. In such case, it must be assumed that shipping agents and brokers render their assistance in the supply of a ship for a voyage, upon the credit of the home owner, unless they prove an express assignment of the debt, by the privileged creditor, or, at least, that the advances were refused to be made on the personal credit of the master or owner. In my opinion, this action, upon the pleadings and proofs before the court, cannot be sustained against the ship. Libel dismissed.